IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

RAYMOND E. MATTHEWS, )
)
    Plaintiff, ) CASE NO. 3:09-00114
) JUDGE HAYNES
v. )
)
METROPOLITAN GOVERNMENT )
OF NASHVILLE AND DAVIDSON )
COUNTY, et al., )
)
    Defendants. )

## O R D E R

Before the Court are Defendant Metropolitan Government of Nashville and Davidson County, Tennessee's motion for summary judgment (Docket Entry No. 40), Defendant Timothy McLaughlin's motion for summary judgment (Docket Entry No. 31), and Defendant James Kemper's motion for summary judgment (Docket Entry No. 43). Defendant Metro contends that Plaintiff's proof is insufficient to support a judgment on his claims of discrimination, retaliation, and Section 1983 violations.

Upon a motion for summary judgment, the factual contentions are viewed in the light most favorable to the party opposing the motion for summary judgment. Duchon v. Cajon Co., 791 F.2d 44, 46 (6th Cir. 1986). Upon the filing of a motion for summary judgment, the opposing party must come forth with sufficient evidence to withstand a motion for directed verdict, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-52 (1986), particularly where there has been an opportunity for discovery. Celotex Corp. v. Catrett, 477 U.S. 317, 326 (1986).

Upon review of Plaintiff's cited proof and analysis (Docket Entry No. 52), the Court concludes that Plaintiff has presented sufficient proof upon which the trier of fact could find for

the Plaintiff on his claims of racial discrimination, retaliation, and Section 1983 violations. Plaintiff's allegations that he was treated very differently from another employee, James Kemper, who allegedly exhibited similar conduct and threats as those alleged against the Plaintiff, could allow the Plaintiff to prevail on his claims. See McDonald v. Santa Fe Trail Transp. Co., 427 U.S. 273, 282-85 (1976) (even if an African-American plaintiff committed serious violations of company rules, if Caucasian employees also violated such rules and were treated differently for comparable violations, then Title VII is violated). Moreover, Plaintiff has presented proof that could allow a trier of fact to conclude that Defendant Metro's school maintenance division had a custom, policy, or practice that tolerated racial harassment and discrimination by white employees against black employees. See Monistere v. City of Memphis, 115 Fed. Appx. 845, 850-51 (6th Cir. 2004).

Upon review of the Defendant's Responses to Plaintiff's Statement of Additional Material Facts (Docket Entry No. 61), the Court concludes material factual disputes exist on several key factual contentions. Id. at ¶¶ 7-15, 18-26. The Court cannot decide issues of credibility on a motion for summary judgment. Liberty Lobby, 477 U.S. at 255; Hanover Ins. Co. v. American Engineering Co., 33 F.3d 727, 732 n.8 (6th Cir. 1994).

Accordingly, the Defendant's motion for summary judgment (Docket Entry No. 40) is **DENIED**. Plaintiff's claims against Defendant McLaughlin and Defendant Kemper were previously dismissed with prejudice, and therefore their motions for summary judgment (Docket Entry Nos. 31 & 43) are **DENIED as moot**.

It is so **ORDERED**.

ENTERED this the 13rd day of August, 2010.

WILLIAM J. HAYNES, JR.
United States District Judge